UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SPECIALIZED PHARMACY SERVICES,
LLC et al.

        Plaintiffs/Counter-Defendants         Case No.: 12-12785
                                                                      Honorable Thomas L. Ludington

        v.

MAGNUM HEALTH AND REHAB OF
ADRIAN, LLC et al.

        Defendants/Counter-Plaintiffs

        and

MAGNUM HEALTH AND REHAB OF
ADRIAN, LLC et al.

        Third-Party Plaintiffs,

        v.

EXTENDICARE HEALTH SERVICES, INC.
And OMNICARE, INC.

        Third-Party Defendants.
_____/

**OPINION AND ORDER DENYING MOTIONS TO DISMISS AS MOOT**

On June 25, 2012, Plaintiffs/Counter-Defendants Specialized Pharmacy Services, LLC, TCPI Acquisition Corporation, and Royal Care of Michigan, LLC (collectively, Pharmacy Dealers) filed a complaint against Defendants/Counter-Plaintiffs Magnum Health and Rehab of Adrian, LLC, Magnum Health and Rehab of Albion, LLC, Magnum Health and Rehab of Hastings, LLC, Magnum Health and Rehab of Monroe, LLC, and Magnum Health and Rehab of Saginaw, LLC (collectively, Magnums). An amended complaint was filed four days later. The Pharmacy Dealers allege that they contracted with the Magnums to sell pharmaceutical products

in 2010 and 2011, and then delivered those products until February 2012. The Pharmacy Dealers further claim that the Magnums have thus far refused to pay for those services.

On August 27, 2012, the Magnums responded with an answer to the Pharmacy Dealers' amended complaint, along with counterclaims against the Pharmacy Dealers and a third-party complaint against Third-Party Defendants Omnicare, Inc. and Extendicare Health Services, Inc. The Magnums allege a number of affirmative defenses and claims of their own.

The Third-Party Defendants filed separate motions to dismiss the Magnums' third-party complaint on October 19, 2012. That same day, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(d), Specialized Pharmacy Services, LLC filed a motion to dismiss, or in the alternative for summary judgment, regarding the Magnums' counterclaims. Subsequent to the filing of those motions, the parties stipulated to allow the Magnums to file an amended counterclaim and an amended third-party complaint on or before November 30, 2012.

On November 30, 2012, the Magnums did just that — filing an amended answer and counterclaim. The Magnums filed notice of their voluntary dismissal, without prejudice, of the third-party complaint, and there was no third-party complaint among the amended pleading. A number of the counterclaims which appeared in the Magnums' original counterclaim were also not a part of the amended counterclaim. The Magnums then moved to dismiss the pending motions to dismiss as moot. The Third-Party Defendants' motions, having been voluntarily dismissed from the case, will be denied as moot without further discussion. Specialized motion to dismiss is addressed below.

I

When a party files an amended pleading, the amended pleading supersedes all those that came before. *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing

*Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)). "[T]he original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010)). When an amended pleading has been filed, it is appropriate to deny as moot any previous motions directed at the original. *See*, *e.g.*, *Tuttobene v. Assurance Group, Inc.*, 3:10-0978, 2012 WL 2871848, at *1 n.1 (M.D. Tenn. July 12, 2012) (citing *Gibson v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 1601313, at *9 (W.D. Tenn. May 2, 2012) ("Courts in this Circuit and others will deny as moot Rule 12 motions to test the sufficiency of the pleadings after a plaintiff subsequently files an amended complaint."); *Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003) ("Because the original complaint now is superseded by the amended complaint, the court denies without prejudice all pending motions pertaining to the original complaint."); *Rankin v. Advanced Employment Services, Inc.*, 3:08CV586, 2009 WL 1472830 (W.D.N.C. May 21, 2009) (citation omitted) ("[I]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot."). It follows that concerning Specialized motion, being directed at the Magnums' original counterclaim, will be denied.

Accordingly, it is **ORDERED** that Extendicare Health Services, Inc.'s Motion to Dismiss, ECF No. 41, is **DENIED** as moot.

It is further **ORDERED** that Omnicare Inc.'s Motion to Dismiss, ECF No. 46, is **DENIED** as moot.

It is further **ORDERED** that Specialized Pharmacy Services, LLC's Motion to Dismiss, or in the alternative for summary judgment, ECF No. 45, is **DENIED** as moot.

Dated: December 13, 2012                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2012.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS

---