UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SPECIALIZED PHARMACY SERVICES,
LLC et al.

        Plaintiffs/Counter-Defendants      Case No.: 12-12785
                                                     Honorable Thomas L. Ludington

        v.

MAGNUM HEALTH AND REHAB OF
ADRIAN, LLC et al.

        Defendants/Counter-Plaintiffs

        and

MAGNUM HEALTH AND REHAB OF
ADRIAN, LLC et al.

        Third-Party Plaintiffs,

        v.

EXTENDICARE HEALTH SERVICES, INC.
And OMNICARE, INC.

        Third-Party Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' AMENDED MOTION FOR
EXTENSION OF PRE-TRIAL DISCLOSURES AND DISCOVERY DEADLINES**

On June 25, 2012, the Plaintiffs in this action (Specialized Pharmacy Services, LLC; TCPI Acquisition Corporation; and Royal Care of Michigan, LLC) filed a complaint against the Defendants (Magnum Health and Rehab of Adrian, Albion, Hastings, Monroe, and Saginaw; and Omnicare, Inc.). On June 29, 2012, the Plaintiffs filed an amended complaint against the same

Defendants. The Defendants then answered with a counterclaim, and also brought a third-party complaint against Omnicare, Inc. and Extendicare Health Services, Inc.[1]

The Plaintiffs brought a motion to dismiss on December 17, 2012—which was granted in part—and the Defendants' counterclaim for civil conspiracy was dismissed while two of their affirmative defenses were stricken. *See* Apr. 9, 2013 Op. & Order 14, ECF No. 75. Then, on May 14, 2013, the Court entered a case management and scheduling order establishing dates to govern the ongoing proceedings (setting, among other dates, a discovery deadline of November 15, 2013, a dispositive motions deadline of December 31, 2013, and trial on June 3, 2013). After the Court's scheduling order was entered, twenty weeks came and went.

On October 4, 2013, the Defendants (the five Magnum Health and Rehab entities) brought a motion to extend their deadline for disclosing experts by thirty days and to extend the discovery cutoff date by sixty days. *See* Defs.' Mot. 5, ECF No. 78. According to the Defendants, there is good cause to extend these deadlines because they "propounded their discovery requests" on July 2, 2013, "well before the expiration of any deadlines." *Id.* at 4. However, "Plaintiffs did not provide their responses until approximately September 17, 2013, almost 45 days after their responses should have been produced[.]" *Id.* Upon receiving those responses, the Defendants believe they "may be deficient," and "have so far prohibited Defendants' Expert from completing a comprehensive audit of the Plaintiffs' invoices." *Id.* at 3. Defendants apparently did not seek an order compelling the Plaintiffs' response.

Three days after filing the first motion, the Defendants filed an amended motion for an extension of pre-trial disclosures and discovery deadlines. The Defendants represent they seek the same relief identified previously, but now:

---

[1] Omnicare and Extendicare have since been dismissed from the case (extinguishing the third-party complaint).

> Plaintiffs' counsel has . . . indicated that he agrees to the relief sought in the the [sic] instant Motion. However, while Plaintiff does not have an objection to the Defendants' foregoing request to extend the Expert Witness and Discovery deadlines, Plaintiffs' consent is contingent upon this Honorable Court extending the dates of (i) the Settlement Conference set for November 7, 2013; (ii) the deadline for Motions Challenging Experts; and (iii) the deadline for Dispositive Motions each by sixty (60) days.

Defs.' Am. Mot. 3, ECF No. 79.

Of course, while Plaintiffs have made their consent contingent upon the Court granting the relief they seek, it does not displace the Court's independent obligation to manage its docket. Pursuant to Federal Rule of Civil Procedure 16, this Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). The Defendants have demonstrated that they attempted to meet their deadline for expert disclosures (October 7, 2013), but they have been less than diligent in enforcing the deadline. So the Defendants will receive until October 21, 2013 to make their expert disclosures.

The Court will not, however, grant the Plaintiffs' request for a sixty-day extension of discovery. This case has been pending for well over a year, and such an extension would interfere with the dispositive motion cutoff date as well as the cutoff for motions challenging experts (both December 31, 2013). The Court is not willing to move those dates, despite the Plaintiffs' request that they both be extended by sixty days. The Court will provide an additional thirty days of discovery, which will not interfere with December 31 motions deadline, and the discovery cutoff will be extended to December 16, 2013. All other dates contained in the May

14, 2013 case management and scheduling order, including the November 7, 2013 settlement conference, will remain in effect.

Accordingly, it is **ORDERED** that the Defendants' amended motion to amend the scheduling order, ECF No. 79, is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that the May 14, 2013 case management and scheduling order, ECF No. 77, is **AMENDED** as follows:

Defendants' expert disclosures deadline: October 21, 2013

Discovery cutoff date: December 16, 2013

All other dates in the May 14, 2013 case management and scheduling order are to remain in effect.

It is further **ORDERED** that the Defendants' motion to amend the scheduling order, ECF No. 78, is **DENIED** as moot.

Dated: October 10, 2013   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 10, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS