UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SPECIALIZED PHARMACY SERVICES,
LLC, et al.,

        Plaintiffs,         Case No. 12-cv-12785

v.         Honorable Thomas L. Ludington

MAGNUM HEALTH AND REHAB OF ADRIAN,
LLC, et al.,

        Defendants.

_____/

**ORDER GRANTING MOTION TO ADJOURN AND RESCHEDULING HEARING
DATE FOR MOTIONS TO REOPEN AND FOR WITHDRAWAL OF COUNSEL**

    A hearing in this matter is scheduled for September 22, 2015 at 3:00 p.m. *See* ECF No. 90. Plaintiffs' motion to reopen the case and enter a consent judgment against Defendants and Defendants' motion for local counsel to withdraw are set to be heard. *See* ECF Nos. 86 & 88. Defendants have moved to adjourn the hearing because Defendants' party-representative is out of town celebrating Yom Kippur. *See* Defs.' Mot. Adj., ECF No. 91. Defendants represent that they have recently undergone a change in ownership and Defendants' representative is "attempting to hire new counsel for the Defendants in this matter." *Id*. at 4. Defendants' representative wishes to attend the hearing on the motions. Plaintiffs oppose the request, largely because it was made so close to the date of the hearing. Defendants' motion will be granted.

    A word of caution is warranted, however. Defendants state that "Defendants' Representative desires to appear in person before the court on the subject of the pending motion to reopen case or enter consent judgment." Defs.' Mot. Adj. 2, ECF No. 91. Defendants should be advised that "neither a corporate officer nor a shareholder may appear on behalf of a

corporation[.]" *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005). In this circuit "[a] corporation must be represented by legal counsel and cannot proceed *pro se*." *Reich v. Pierce*, 45 F.3d 431, 1994 WL 709292, at *2 n.1 (6th Cir. 1994) (per curiam); *see also Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). Thus, if Defendants' representative wishes to appear in person at the hearing along with counsel of record from the Bernstein Firm—who does not seek to withdraw—he is encouraged to do so and will be given that opportunity. If he wishes to advocate the withdrawal of Defendants' current local counsel and directly represent his employer's interests to the Court, he will be barred from so doing without counsel of record present.

The hearing in this matter will be adjourned for sufficient time to allow Defendants' to obtain new local counsel, since they have represented they are currently seeking such. If Defendants do not obtain new counsel in advance of the hearing on the currently pending motions, Defendants' must have counsel of record present at the hearing or local counsel will not be permitted to withdraw for the reasons stated above prohibiting *pro se* representation of corporations.

Accordingly, it is **ORDERED** that Defendants' Motion to Adjourn, ECF No. 91, is **GRANTED**.

It is further **ORDERED** that the motions hearing in this matter is **ADJOURNED** to **October 21, 2015 at 3:00 p.m.**

Dated: September 21, 2015　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 21, 2015.

                                       s/Michael A. Sian
                                       MICHAEL A. SIAN, Case Manager